UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANH TRUONG,<br><br>             Plaintiff,<br><br>       v.<br><br>DVI STATE PRISON,<br><br>             Defendant. | No.  2:25-cv-01836-SCR P<br><br><br><br>ORDER |

Plaintiff is incarcerated in state prison and is proceeding with this civil rights action pursuant to 42 U.S.C. § 1983 without a lawyer.  Plaintiff's first amended complaint ("FAC") is before the undersigned for screening under 28 U.S.C.§ 1915A.

**IN FORMA PAUPERIS**

Plaintiff has requested leave to proceed without paying the full filing fee for this action, under 28 U.S.C. § 1915.  ECF No. 6.  Plaintiff has submitted a declaration showing that he cannot afford to pay the entire filing fee.  See 28 U.S.C. § 1915(a)(2).  Accordingly, plaintiff's motion to proceed in forma pauperis is granted.  This means that plaintiff is allowed to pay the $350.00 filing fee in monthly installments that are taken from the inmate's trust account rather than in one lump sum.[1]  28 U.S.C. §§ 1914(a).  As part of this order, the prison is required to remove an

---

[1]  Although plaintiff attached a state court "request to waive court fees" form to his in forma pauperis motion, plaintiff is advised that the Prison Litigation Reform Act requires incarcerated

1

initial partial filing fee from plaintiff's trust account.  See 28 U.S.C. § 1915(b)(1).  A separate order directed to CDCR requires monthly payments of twenty percent of the prior month's income to be taken from plaintiff's trust account.  These payments will be taken until the $350 filing fee is paid in full.  See 28 U.S.C. § 1915(b)(2).

### STATUTORY SCREENING OF PRISONER COMPLAINTS

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  When considering whether a complaint states a claim, the court must accept the allegations as true,

persons proceeding in forma pauperis in civil rights actions to pay the full amount of a filing fee. 28 U.S.C. § 1915(b); see also Bruce v. Samuels, 577 U.S. 82, 84 (2016); Williams v. Paramo, 775 F.3d 1182, 1185 (9th Cir. 2015).

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**PLAINTIFF'S FAC**

The facts underlying plaintiff's complaint occurred while plaintiff was incarcerated at the Deuel Vocational Institution ("DVI"). ECF No. 5 at 4. Plaintiff names DVI as the sole defendant. Id. at 1. Plaintiff alleges that in Fall of 2015, he was getting down from his top bunk and stepped on a rat. Id. at 5. Upon realizing that he had stepped on a rat, plaintiff became startled, lost his footing on the lower bunk, and fell, striking his head on the jagged edge of an old thermostatic steam heater. Id. Plaintiff sustained a one-and-a-half inch gash that required thirteen staples, which he received at an off-site hospital. Id. at 5-6. Plaintiff alleges that after he received the staples and an x-ray, the hospital medical staff "calously [*sic*] stated [he] was fine with total disregard to the broader outcome of the human cost [he'd] suffered" and discharged him after six hours. Id. at 6. Plaintiff maintains that the thermostatic steam heater should not have been present in his, or any, cell. Id. at 5.

Plaintiff further alleges that in 2023 after being released from prison, medical professionals assessed that he had suffered from "acute brain injury with partial memory impairment," leaving him with the intellectual capacity of a middle schooler. Id. at 6. In 2024, plaintiff was put on disability and began receiving social security income as a result of the head injury he sustained at DVI, "stemming from the institutional negligence committed by the California Department of Correction and Rehabilitation." Id. In his request for relief, plaintiff seeks five million dollars. Id. at 18.

**LEGAL STANDARDS**

**I.      42 U.S.C. 1983**

A plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of "rights, privileges, or immunities secured by the Constitution and [federal] laws" by a person or entity, including a municipality, acting under the color of state law. 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must show that (1) a defendant acting under color of state law (2) deprived plaintiff of rights secured by the Constitution or federal statutes. Benavidez v.

3

County of San Diego, 993 F.3d 1134, 1144 (9th Cir. 2021).

## II.    Linkage

Section 1983 requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658, 694 (1978); Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  Plaintiff may demonstrate that connection by alleging facts showing: (1) a defendant's "personal involvement in the constitutional deprivation," or (2) that a defendant set "in motion a series of acts by others" or "knowingly refus[ed] to terminate a series of acts by others, which [the defendant] knew or reasonably should have known would cause others to inflict a constitutional injury."  Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (quotation marks and citation omitted).  In other words, "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

## III.    Eighth Amendment Conditions of Confinement

The Eighth Amendment's prohibition against "cruel and unusual punishments" imposes duties on prison officials to provide "humane conditions of confinement."  Farmer v. Brennan, 511 U.S. 825, 832 (1994).  Under the Eighth Amendment, "prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'"  Id. at 832 (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)).  The Amendment's protections extend to "condition[s] of confinement that [are] sure or very likely to cause serious illness and needless suffering" in the future.  Helling v. McKinney, 509 U.S. 25, 32 (1993).

In such circumstances, it is a "prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate" that violates the Eighth Amendment.  Farmer, 511 U.S. at 828. This type of Eighth Amendment claim has an objective component and a subjective component. First, an inmate must allege that the risk was, objectively, "sufficiently serious."  Lemire v. Cal.

4

Dep't of Corr. & Rehab., 726 F.3d 1062, 1074 (9th Cir. 2013) (citing Farmer, 511 U.S. at 834). Second, the plaintiff must allege that the defendant official acted, subjectively, with "deliberate indifference" to his health or safety. Peralta v. Dillard, 744 F.3d 1076, 1082 (9th Cir. 2014) (citing Farmer, 511 U.S. at 837.) The deliberate indifference standard requires a showing that the prison official acted or failed to act despite the prison official's knowledge of a substantial risk of serious harm to the prisoner. Id. (citing Farmer, 511 U.S. at 842.).

## DISCUSSION

### I.      Failure to State a Claim

The undersigned finds that plaintiff has not adequately stated an Eighth Amendment conditions of confinement claim. Even assuming the allegedly ill-placed heater in plaintiff's cell constitutes a sufficiently serious deprivation of personal safety to satisfy the first prong of the Eighth Amendment test, plaintiff fails to name a proper defendant or satisfactorily explain how said defendant deliberately disregarded the harm posed by the heater.

### A.  Defendant DVI

Defendant DVI is not a proper defendant in a section 1983 action. The Eleventh Amendment bars § 1983 suits against the State of California and its state agencies, including the California Department of Correction and Rehabilition ("CDCR") and its affiliated state prisons. See Regents of the Univ. of California v. Doe, 519 U.S. 425, 429 (1997); Richardson v. California Dep't of Corr. & Rehab., No. 22-CV-06137-NC, 2023 WL 2394543, at *3 (N.D. Cal. Mar. 6, 2023) ("[CDCR], as well as state prisons like Salinas Valley State Prison, are considered agencies of the state") (citing Palismo v. California Dep't of Corr., 145 Fed. App'x 215, 216 (9th Cir. 2005)). Moreover, defendant DVI is not a "person" for purposes of § 1983. See Allison v. Cal. Adult Auth., 419 F.2d 822, 823 (9th Cir. 1969) (finding that San Quentin Prison is not a "person" subject to suit under § 1983); Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). In the context of section 1983, the term "person" refers to individuals or municipal entities that act under color of state law but does not include the state itself. Will v. Michigan Dep't of State Police, 491 U.S. 58, 69 (1989). Accordingly, as suits against state

agencies are essentially suits against the state itself, state agencies are not considered "persons" either.  Plaintiff will be given leave to amend to name, if he can, a defendant who can be sued under § 1983.

### B.  Eighth Amendment Deliberate Indifference

As noted above, even assuming plaintiff has satisfied the first prong of the Eighth Amendment conditions of confinement test, his claim falls short of the second prong, which requires a plausible showing that the defendant was subjectively aware of the substantial risk that the heater posed to inmate safety and nonetheless disregarded it.  See Peralta, 774 F.3d at 1082. Plaintiff will be given leave to amend to allege, if he can, facts that plausibly establish how a defendant knowingly disregarded the apparent risk to plaintiff's safety that the heater presented. The undersigned advises plaintiff to review the legal standard for Eighth Amendment conditions of confinement claims provided above, emphasizing here that *mere negligence is not sufficient to establish liability.*  See Farmer, 511 U.S. at 835.

### II.      Leave to Amend

Having conducted the screening required by 28 U.S.C. § 1915A, the undersigned finds that the complaint does not state a valid claim for relief pursuant to the Eighth Amendment against defendant DVI.  DVI and other state prisons are not "persons" subject to 42 U.S.C. § 1983, and CDCR and its prisons are immune from suit under the Eleventh Amendment. Moreover, plaintiff has failed to allege facts showing any defendant's deliberate indifference to his safety regarding placement of the heater in his cell.

Plaintiff may try to fix these problems by filing an amended complaint.  If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo, 423 U.S. at 370-71.  The complaint must also allege in specific terms how each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson, 588 F.2d at 743.  Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v.

Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes any prior complaints.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted).  Once plaintiff files an amended complaint, any previous complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  **Any claims and information not in the amended complaint will not be considered.**

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 6) is GRANTED

2.  Plaintiff's prior request for leave to proceed in forma pauperis (ECF No. 2) is DENIED as moot.

3.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

4.  Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A(b)(1), and will not be served.

5.  Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case, "**2:25-cv-01836-SCR P,**" and must be labeled **"Second Amended Complaint."**

6.  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

7. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: May 1, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE